# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# NEWARK DIVISION

| | |
|---|---|
| MICHAEL ZHAO, DEAN MARRIOTT, and MARY KAY PECK, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation, d/b/a VOLKSWAGEN OF AMERICA, INC., AUDI OF AMERICA, INC., VOLKSWAGEN AG, a German Corporation, and AUDI AG, a German Corporation, <br><br> Defendants. | Case No.: 2:21-cv-11251-MCA-JRA <br><br> **CLASS ACTION** |

## [PROPOSED] ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

**WHEREAS**, this matter has come before the Court pursuant to Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 42) (the "Motion");

**WHEREAS**, the Court finds it has jurisdiction of this Action[1];

---

[1] Unless otherwise defined herein, the terms used in this Order and Judgment are defined in the Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

1

**WHEREAS**, on March 3, 2022, the Court issued an Order granting Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement (ECF No. 36) (the "Preliminary Approval Order").

**WHEREAS**, the Preliminary Approval Order, *inter alia*, preliminary approved the Settlement Agreement ("Settlement Agreement" or "Settlement") as fair, reasonable, and adequate, and satisfied in all respects the requirements of Fed. R. Civ. P. 23, conditionally certified the Settlement Class for settlement purposes only, approved and directed the implementation of the Parties' proposed Class Notice Plan ("Notice Plan"), and conditionally approved Plaintiffs Michael Zhao, Dean Marriott and Mary Kay Peck as Settlement Class Representatives, the law firms of Sauder Schelkopf and Walsh PLLC as Settlement Class Counsel, and Rust Consulting as the Claim Administrator;

**WHEREAS**, on June 28, 2022, the Court entered a Letter Order that supplemented the Notice Plan by authorizing the mailing of supplemental postcard notices to certain Settlement Class Members, extending the deadline for those certain Settlement Class Members to file objections, opt-out of the settlement, and to file a Claim for Reimbursement under the Settlement, and rescheduled the Final Fairness Hearing for October 19, 2022, at 2:00 p.m.;

**WHEREAS**, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

2

**WHEREAS**, the Court approved, and directed the dissemination of, the Class Notices and Claim Forms pursuant to the Parties' Class Notice Plan ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process (ECF No. 36, as also supplemented by Letter Order dated June 28, 2022, ECF No. 38);

**WHEREAS**, said Notice Plan, as approved by this Court, was successfully effectuated in a timely and proper manner as confirmed by Rust Consulting (ECF No. 43) and the Parties (ECF Nos. 48 and 50);

**WHEREAS**, the Court held the Final Fairness Hearing on October 19, 2022 to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, has been advised of, and has carefully considered the submissions and arguments relating to, all objections to the Settlement, and has given careful and fair consideration to those objections;

**WHEREAS**, the Court has reviewed and carefully considered all of the filed submissions relating to the proposed Settlement, including the Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 42) and exhibits thereto (the "Motion"), the Parties' Settlement Agreement dated January 28, 2022 with exhibits (ECF No. 25-3) ("Settlement Agreement"), the supporting Declarations of counsel (ECF Nos. 25-2 and 25-5); the Declaration of Jason Stinehart of Rust Consulting (ECF No. 43), the four timely objections to the

3

Settlement (ECF Nos. 40, 45, 46 and 47), the briefs of Plaintiffs (ECF No. 50) and Defendants (ECF Nos. 48 and 49) in response to the objections and in further support of final approval of the Settlement, and all other submissions and filings in this action;

## IT IS ORDERED AND ADJUDGED AS FOLLOWS:

1. The Court hereby grants final approval of the Settlement Agreement and all of the terms and provisions of the Settlement Agreement. The Court finds that the Settlement is fair, reasonable and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law. Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998) which include: an assessment of the likelihood that the Class Representatives would prevail at trial; the range of possible recovery; the consideration provided to Settlement Class Members as compared to the range of possible recovery when considering the inherent risks and delays of litigating this action to conclusion; the complexity, expense, and possible duration of litigation in the absence of the Settlement; the reaction of the Settlement Class to the Settlement and the nature and extent of any objections to the Settlement; the stage of the proceedings and Class Counsel's knowledge of the facts, issues, and risks/benefits of litigation; the amount of discovery; the risk of establishing liability

and/or damages and/or of significantly reduced and/or delayed recovery; the risk of not obtaining class certification or not maintaining class certification through trial and appeal if the Action is litigated to conclusion; the ability of the defendants to withstand a greater judgment, the range of reasonableness of the Settlement; the underlying substantive issues in the case; the results achieved; whether Settlement Class Members were afforded a reasonable opportunity to opt-out of the Settlement if they wished to do so; whether the attorneys' fees are reasonable, and whether the procedure for processing claims is fair and reasonable. The Court concludes that the factors support granting final approval of the settlement.

2. The Court finds the factors recently added to Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Third Circuit has enumerated in *Girsh* and *In re Prudential*, and that each supports final approval of the Settlement.

3. With respect to the proposed Settlement Class, this Court has determined that, for purposes of settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) prerequisites:

   a. The Settlement Class Members are so numerous that joinder of all members is impracticable, as there are approximately 2.3 million Settlement Class Vehicles and approximately 4,136,467 million Settlement Class Members. Fed. R. Civ. P. 23(a)(1).

b. There are questions of law or fact common to the Settlement Class, Fed. R. Civ. P. 23(a)(2), such as whether the Primary Engine Water Pumps in the Settlement Class Vehicles contained a common design defect, whether Defendants unlawfully failed to adequately disclose such alleged defect prior to sale; and whether, as a result, Settlement Class Members sustained any monetary damages.

c. The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). They have alleged that Defendants sold defective vehicles and failed to disclose (or to adequately disclose) the alleged defect, and alleged damages apply to the Settlement Class Members in the same or similar manner, and the interests of the Settlement Class representatives do not conflict with the interests of the Settlement Class.

d. The Class Representatives have fairly and adequately protected the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class Representatives do not have interests that are antagonistic to the Settlement Class and are fully aligned with the interests of other Settlement Class Members. Accordingly, the Court finds that the Class Representatives have satisfied Rule 23(a) for purposes of evaluating the settlement.

4. The Court also finds for settlement purposes that the questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, Settlement Class Members share a common legal grievance arising from the Plaintiffs' claims of the Defendants' alleged failure to disclose or adequately disclose material facts about the Primary Engine Water Pumps in the Settlement Class Vehicles. Common legal and factual questions predominate over any individual questions that may exist for purposes of this settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predominance of common legal and factual questions for purposes of this settlement. In concluding that the Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual class members have not shown any interest in individually controlling the prosecution of separate actions, and because this is a Settlement, the Court need not be concerned with the manageability issues that would exist if the Action were tried. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Moreover, the cost of litigation likely outpaces the individual recovery available to any Settlement Class Members. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for

7

purposes of this settlement, Rule 23(b)(3) has also been satisfied

5. The Notice Plan (including the postcard notice sent to certain Settlement Class Members pursuant to the June 28, 2022 Letter Order (ECF No. 38), was timely and properly effectuated, and in all respects (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action, the Settlement, and their rights including the right (and deadlines) to object to the proposed, Settlement, exclude themselves from the Settlement, and submit a Claim for Reimbursement under the Settlement; (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice, (v) adequately informed Settlement Class Members of their rights in the Action, and (vi) provided the certain Settlement Class Members with reasonable and adequate time to object to the settlement, opt-out of the settlement, and file Claims for Reimbursement under the Settlement. Fed. R. Civ. P. 23(c)(2).

6. In accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and to the Attorneys General of each State where Settlement Class Members reside and of Puerto Rico. None of the Attorneys General have filed any objections to the Settlement, or otherwise

contacted counsel for Parties with any issue regarding the Settlement.

7. The Settlement was entered into as a result of vigorous and extensive arm's-length negotiations of highly disputed claims, among experienced class action counsel on both sides and with the assistance of an experienced and highly respected third-party neutral mediator at JAMS. The Settlement is not the product of collusion, and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective cases, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the issues of Class Representative service awards and Class Counsel reasonable attorneys' fees and expenses were not discussed, and not agreed to by the Parties, until after the Parties and their counsel had reached agreement on the material terms of this Settlement, and were, likewise, without any collusion.

8. The Court reaffirms its appointments, grants final approval of, and hereby appoints Plaintiffs Michael Zhao, Dean Marriott and Mary Kay Peck as Representatives of the Settlement Class ("Settlement Class Representatives"), and the law firms of Sauder Schelkopf and Walsh PLLC, collectively, as Class Counsel for the Settlement Class. The Court finds that said Settlement Class Representatives and Class Counsel have fairly and adequately represented, and will continue to fairly

and adequately represent, the interests of the Settlement Class.

9. The Court reaffirms, grants final approval of and hereby appoints Rust Consulting as the Claim Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

10. Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement, and were duly advised of the deadlines and procedures for doing so. Of the approximate 4,135,467 Settlement Class Members, the Court has received only four (4) timely objections to the Settlement, one (1) untimely objection, and only one hundred fifteen (115) timely and valid requests for exclusion, from Settlement Class Members. The Court finds that this very small number of objections and requests for exclusion demonstrates that the Settlement Class overwhelmingly favors the Settlement, and further supports the finding herein that the Settlement is fair, reasonable, adequate, and warranting of final approval by this Court. In addition, the Court notes that one Settlement Class Member submitted a letter expressing her support for the settlement and requesting that the Court approve it (ECF No. 41).

11. The Court has carefully reviewed and considered the timely objections of James and Barbara Haughey (ECF No. 40), Richard Massei (ECF No. 45), and Julie A. Mitchiner and Nicholas Dwayne (ECF No. 47), the submission of Marilyn Taylor (ECF No. 46) (which the Parties assert is not an objection to the Settlement),

the submissions of the Parties in response thereto (ECF Nos. 40, 48, 49 and 50), the applicable law, and the arguments asserted at the Final Fairness Hearing. The Court has also reviewed the objection of Tracey Scott (ECF No. 52), which is untimely, but notes that it is similar to the objections of James and Barbara Haughey and Richard Massei (ECF Nos. 40, 45). The Court finds and determines that these objections are substantively without merit and fail to justify not granting final approval to the Settlement.

12. Accordingly, the Court hereby overrules all of these objections (ECF Nos. 40, 45, 46,[2] 47 and 52). In addition, while all of these objections are overruled on the merits, the objection of Tracey Scott is also overruled on the grounds that it is untimely, and the objection of Nicholas Dwayne is also overruled on the grounds of lack of standing because he was not the purchaser or lessee of a Settlement Class Vehicle, and he is, therefore, not a Settlement Class Member. In any event, Mr. Dwayne's objection was jointly made with his wife, Julie A. Mitchiner, who is a Settlement Class Member, and that objection was therefore considered and overruled

---

[2] The submission of Marilyn Taylor is a letter that purports to raise dissatisfaction with an alleged personal experience, but does not set forth any specific objection to the Settlement. In addition, it does not comply with other Court-Ordered requirements for a valid objection, such as a statement of whether or not she is represented by counsel and whether she has objected to any other class settlements within the past five years. The Court finds that this submission is not a valid objection; however, even if it were, it provides no meritorious basis for this Court not to grant final approval of the Settlement.

11

on the merits as set forth above.

13. Consistent with the Preliminary Approval Order, the Court hereby grants class certification, for the purpose of settlement, to the following Settlement Class:

> All persons and entities who purchased or leased, in the United States or Puerto Rico, specific model year 2014 through 2021 Volkswagen and Audi brand vehicles that are designated individually by Vehicle Identification Number (VIN) in Exhibit 4 to the Settlement Agreement, which were imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (hereinafter "Settlement Class").
>
> Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (c) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

14. The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the one hundred fifteen (115) Settlement Class Members who are listed on Exhibit A annexed hereto.

15. The Court has also considered the requests for exclusion of eighteen (18) additional individuals. The Court finds that the requests for exclusion from eleven (11) individuals (Angela Porter, Bryan de la Cruz; Lidio and Viviana Soriano; Jose Elias Rodriguez; Jacqulyn Kemp; Emilio and Ana Soto; Jessica Ramirez; Ryan Rios; Kirston Berger; Luis Fernando Araujo; Richard Ortiz) are invalid because they do not relate to Settlement Class Vehicles. The Court finds that the requests for exclusion from five (5) individuals (Maria Soto; Melvin Berman; Lenin Toscano; Adolfo Jair Santana Perez; Gerson Plata) are also invalid because they do not relate to Settlement Class Vehicles and do not indicate that the individuals are owners/lessees of the listed vehicles, as required by the Preliminary Approval Order and set forth in the Class Notice. The Court finds that the request for exclusion of Donna A. Molyneaux Ruby is untimely and also invalid because it fails to contain the required statement that the person seeking exclusion is a current or former owner or lessee of a Settlement Class Vehicle. Finally, the Court finds that the request for exclusion of Mark Bruce Munro, who merely states that he "rejects the class action suit," is invalid because it does not unambiguously state that he wishes to exclude himself from the Settlement, as also required. These eighteen (18) Settlement Class

Members are thus not excluded from, and are bound in all respects by, the Settlement, the Release of Claims contained in the Settlement Agreement, and this Order and Judgment.

16. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

17. The Parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein.

18. The Action is hereby dismissed with prejudice and without costs, except as provided in the Court's order related to Plaintiffs' motion for attorneys' fees, expenses, and incentive awards. The Clerk of Court is directed to close this docket.

19. Upon the Effective Date, the Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreement.

20. Neither this Settlement, its negotiations, any agreements, documents and submissions relating thereto, nor this Final Approval Order and Judgment or any finding contained herein, shall in any way constitute, or be argued or deemed to

constitute, evidence of, or any admission by any Party as to, the merits of any allegation or claim that was or could have been asserted in this Action, nor shall it, in any way, or anywhere, be deemed, construed, argued as, admitted as, or in any way used as, any admission of, or as any evidence of, any fact, claim, factual or legal issue, liability, wrongdoing or responsibility on the part of the Defendants or any Released Party, or of any violation or breach of any statute, law, rule, regulation, principle of common law or equity, or of any duty or obligation whatsoever on the part of any Defendant or Released Party. This Final Approval Order and Judgment and the Settlement shall not be offered or be admissible as evidence against any Defendant, any of the Released Parties, or the Plaintiffs, and shall not be cited or referred to in any action or proceeding (judicial, administrative, arbitral, or otherwise) except to enforce the terms of the Settlement Agreement and/or this Final Order and Judgment including the Release of Claims against the Defendants and the Released Parties.

21. In the event that any provision of the Settlement or this Final Approval Order and Judgment is asserted by Defendants or any Released Party as a defense (including, without limitation, as a basis for dismissal, a stay and/or to enforce the Release herein), in whole or in part, to any claim, suit, action or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s), that claim,

suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

21. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Order and any obligations thereunder. The Parties will jointly inform the Court of any and all extensions of time by filing the notices of any extensions through the Court's CM/ECF system.

22. Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member, is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or in any way enforcing any Released Claim against Defendants and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However,

this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

23. Without affecting the finality of this Final Approval Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over and with respect to the consummation, implementation and enforcement of this Settlement and its terms and provisions, including the release of claims therein, and any suit, action, proceeding (judicial, arbitral, administrative, or otherwise) or dispute arising out of or relating to this Final Approval Order and Judgment, the applicability of the Settlement Agreement, compliance with the terms the Settlement Agreement, and the Court's exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims against any Released Parties.

**IT IS SO ORDERED AND ADJUDGED:**

Dated: 00 19-22

_____
Hon. Madeline C. Arleo
United States District Judge

Zhao, et al. v. Volkswagen Group of America, Inc. et al.
Civil Action No. 2:21-cv-11251
Exhibit A – Exclusions from Class Settlement and Release

| Name | VIN |
|---|---|
| NICOLE BERGER KIRSTON | 1VWCT7A36HC050950 |
| JUDITH G DRAPER | WVGAV7AX8GW588193 |
| JACKLYN RODRIGUEZ | 1V24C2CA7LC202327 |
| SAYED HASSAN MOHAM ABDULLAH | 1V2AP2CA3LC500252 |
| MERCEDES LUNA | 1V2AP2CA4JC589679 |
| MARICELA NUNEZ RODGRIGUEZ | 1V2DP2CA0JC600013 |
| ROBERTO FIGUEREDO | 1V2DP2CA3MC514490 |
| JAMES K DUBOCQ | 1VWAS7A39GC018454 |
| HARRY D STECK | 1VWAT7A33EC088915 |
| PATRICK STEVEN PARKS | 1VWAT7A36EC094126 |
| RHONA J BARBOSA | 1VWAT7A37FC085856 |
| ROBERT LEE WILSON JR | 1VWBT7A38GC061314 |
| HOHUAI CHUEHLEE | 1VWBT7A3XHC072056 |
| JAMES JOSEPH BRITTON | 1VWCT7A30GC042180 |
| LINDA K LATHAM | 1VWDT7A38HC018635 |
| MARTHA ESCOBAR | 1VWMA7A31LC020130 |
| MEAGAN OLIVER | 1VWSA7A33LC020069 |
| JORGE LUIS COLORADOSOTO | 3VV1B7AX7JM064118 |
| ANNE ELIZABETH SALAZAR | 3VV1B7AXXLM084107 |
| PALOMA TIRADO | 3VV1B7AXXLM150848 |
| SHEILA M BURYA | 3VV2B7AX1JM220478 |
| JENNIFER ALISON PICKENS | 3VV2B7AX3JM162471 |
| EFREN APARICIO | 3VV2B7AX8LM077368 |
| HELEN M HUGHES | 3VV2B7AX8LM090475 |
| BENITO BRITO | 3VV3B7AX4JM054834 |
| RACHEL ANDREWS GARDELL | 3VV3B7AX6JM007918 |
| ANA SOFIA VARDAKIS | 3VV3B7AX6LM176193 |
| ELIYAHU NEVATI | 3VV3B7AX7LM047833 |
| SHAWN DIANE BOS | 3VV3B7AX9KM008997 |
| LESLIE TERESA JARAMILLO | 3VV3B7AX9KM112616 |
| BEATRIZ LOPEZ | 3VV4B7AX1JM188138 |
| GEORGE MIHALACHIOAIE | 3VV4B7AX1JM218965 |
| NATASHA WOODALL GOLDER | 3VV5B7AX9JM005508 |
| NIKOLAS MICHAH REIN | 3VW117AU1GM067058 |
| BRIANNA E STRATIDIS | 3VW217AU1HM020585 |
| CHRISTINE CASSON | 3VW4T7AJ4HM291102 |
| HOLLYE L INDERRIEDEN | 3VW517AT3FM804767 |

| Name | VIN |
|---|---|
| HECTOR PULIDO JR | 3VW5S7AJ3FM414960 |
| | 3VWD17AJ4GM298281 |
| KENNETH ZIGLER | 3VW917AU4GM002966 |
| WILLIAM PATRICK MORGAN | 3VWC17AU0HM507958 |
| JAMES MAHER | 3VWD07AJ0EM236585 |
| COURTNEY ELIZABETH JOHNSON | 3VWD07AJ7FM357034 |
| SUSAN CIRNIGLIARO | 3VWD17AJ1GM408834 |
| CALLIE ANN CURRY | 3VWD17AJXEM393909 |
| KENNETH ZIGLER | 3VWF17AT0HM631314 |
| ROGER E LONG | 3VWJ07AT9GM602440 |
| SARAH L LONG | 3VWL07AJ3GM227961 |
| FRANCISCO GARCIA JR | 3VWL07AJ6EM232455 |
| GREGORY MILLS | 3VWM17AU2KM520769 |
| STEVEN PAUL PETULLO | 3VWM17AU7JM757627 |
| DANIEL LEON WARSHAW | WA18NAF46JA097845 |
| HABIB JAJATI | WA1AAAFY8M2004600 |
| URENA DIANNE FLORES | WA1ANAFY0J2219663 |
| MATTHEW JACOBMARTIN SCHIFF | WA1ANAFY2K2072019 |
| SAM GUSTAVO A SAM NOHEMY | WA1ANAFY5L2048265 |
| SELIN GHEYVANDIAN | WA1ANAFY6L2044340 |
| MARGARITA CAMARENA | WA1BAAFY4M2022189 |
| A ZUNIGA MANCILLA DOVISI | WA1BCCFS9JR029594 |
| DARLISA CHANDLER | WA1BECF36K1069330 |
| TELLISSA JO JOHNSON | WA1BNAFY3J2013127 |
| RAKHAMIM MOGHTADER | WA1BNAFY7J2231605 |
| SHARON KAY TODD | WA1BNAFY8J2206812 |
| ANTONIO LE JANO OLIVA | WA1C2AFP5HA099660 |
| JESSICA NICOLE RENNERT | WA1DECF35L1056336 |
| BARBARA H KORMAN | WA1ECCFS6JR004827 |
| JAMES A HAACK | WA1EFCFS0FR006264 |
| MARTIN LARA | WA1L2AFP4GA025399 |
| DARIL RONALD MOLEJON REYES | WA1LHAF71JD020696 |
| RODERICK B EGUILOS | WA1LHAF73JD027598 |
| MAURICE JOSEPH HICKEY JR | WA1LHAF75KD039589 |
| LE YAN XU | WA1LHAF78JD044431 |
| MAYA KHAKHANASHVILI | WAUA7GFFXG1020701 |
| KLARA HERRMANN | WAUAUGFF2J1059931 |
| FRANCINE YONGQUE | WAUAUGFF3H1027001 |
| MELISSA TERRY | WAUAUGFF3KA120981 |
| CURTIS HALL | WAUB8GFF5J1036426 |
| ROBERTO R MARTINEZ | WAUCFAFR6FA025637 |

| | |
|---|---|
| TAYLOR TIEN HUYNH | WAUD8AF27KN122592 |
| MARY D DAY | WAUDNAF44LA074116 |
| VINCENT B DEPALMA JR | WAUDNAF49KN013657 |
| MONA NAZARIAN | WAUE8AF20LN041861 |
| HUMBERTO ARANDA | WAUE8AF20LN090932 |
| DEBORAH ALBARRAN-SOTELO | WAUENAF43HN060258 |
| MARIA CAMPOS VILLAMAN LUZ | WAUENAF45JA041286 |
| GERALD ANTHONY TRAHAN | WAUGNAF44HN017444 |
| NICOLAS F FORGIONE | WAUGUGFF1J1002002 |
| THOMAS ARLEN KNOTT | WAUHFAFL3FN038078 |
| JASON K STERN | WAUKFGFF1F1082039 |
| CHRISTOPHER RICHARD KOPF | WAUKMAF40JA107829 |
| OMAR ALEXANDER CRUZ PORTILLO | WAUM2AFR9GA011443 |
| KOSTAS I MCDADE | WAUTNAF52JA076108 |
| KAREN A SHERWOOD | WAUWFAFH1FN006409 |
| CHANDLER GRACE HOTCHKIN | WVWBP7AN2FE801936 |
| LESTER RAY ROHRER | 1VWAT7A34EC096778 |
| DONALD GENE DILLER | 1VWAT7A37FC106298 |
| LARRY W OBERHOLTZER | 1VWAT7A37HC068199 |
| WOO IL PARK | 3VWD17AJ3EM298415 |
| KATHRYN AVICOLLI | WAUACGFF3F1114140 |
| | WAUB8GFF5J1055431 |
| HOPE HALL AUGUSTINI | 3VW447AU7HM072674 |
| GILBERT RAZO | 3VW447AUXHM056596 |
| DAN JOSEPH BRITTON II | 3VW4T7AU6HM071289 |
| JEFFREY DAVID WEIDE | 3VW547AU1GM032450 |
| ISAIAH YANLOK KONG | 3VW547AUXHM011355 |
| MATTHEW KARDELL | 3VW5T7AU1MM000483 |
| JENNIFER HERNANDEZ | 3VW6T7AU0LM014345 |
| PETER J CAMARERO | 3VWYT7AU1GM002686 |
| MARY ELIZABETH NIFOROPULOS | 3VWYT7AU1GM030763 |
| | 3VWYT7AU8GM029173 |
| ASHLEY M HANCOCK | WVGAV7AX0FW572813 |
| CHRISTINA WILLIAMS | WVGAV7AX3GW606048 |
| NOHEMI ROMEROCARILLO | 3VV3B7AX2KM025432 |
| LISA MARY TANAKA | WAU6CLFF0F1099353 |
| JUDITH ANN POWERS | WAUK8GFF5G1002169 |
| MARIE SUZANNE MIESSLER | WVGAV7AX5HK044355 |
| ROBERT FRIEDMAN | WVGBV7AX4GW574800 |
| BONNIE KLATT | WVGBV7AX8GW598694 |